### IN THE

## SUPREME COURT OF THE STATE OF GEORGIA,

## AT CASSVILLE,

### APRIL TERM, 1854.

Present—JOSEPH H. LUMPKIN, ⎫
       EBENEZER STARNES, ⎬ Judges.
       HENRY L. BENNING. ⎭

---

No. 38.—WILLIAM WHITE, plaintiff in error, vs. JAMES ED-
MONDSON, defendant in error.

[1.] Testimony going to show a verbal lease, or renting from E, in his indi-
vidual character, is not proper evidence, in support of an allegation, that
the renting was from E, as administrator.

Proceedings against tenant holding over, in Murray Supe-
rior Court. Tried before Judge JOHN H. LUMPKIN, October
Term, 1853.

James Edmondson, as the administrator of Wm. H. White,
sued out a warrant to dispossess one William White, who, he
alleged was the tenant of his intestate, and held over after the
expiration of the lease. The defendant, White, denied the
tenancy, and the issue was returned to the Superior Court.

On the trial, plaintiff, Edmondson, offered the depositions of Wm. J. Underwood, who swore, that "defendant rented the land in dispute from *plaintiff*, sometime in the Spring of 1843". To this evidence, defendant's counsel objected, on the ground of irrelevancy. The Court over-ruled the objection, and this is the only error assigned. It appeared in the Court below, that Edmondson was appointed administrator in 1847.

There being no appearance for the defendant in error, the cause proceeded *ex parte*.

Wm. H. Underwood, for plaintiff in error.

*By the Court.*—Starnes, J. delivering the opinion.

[1.] The record does not show, that the depositions of William J. Underwood and Thomas Dugan, to which objection was made in this case, had any appropriate relation to the issue tried in the Court below.

The proceeding there, on the part of the plaintiff, was in the name of James Edmondson, as administrator on the estate of William H. White. In that character, he was seeking, by a summary remedy, which our law provides, to dispossess the defendant in that case, (the plaintiff in error here,) as one who was *holding over*, a term derived by a verbal lease, or renting of a tract of land, from the estate which the plaintiff represented. The defendant had, by his affidavit, in response, denied the tenancy thus asserted. Evidence, therefore, relevant to the issue—because going to prove such tenancy—should have shown a renting from plaintiff's intestate, or from the plaintiff, as administrator.

The evidence submitted, proves a renting from James Edmonson, about the year 1843; and the record shows, that he did not take on the representative character in which he sues, until the year 1847. It results, that this evidence thus shows the renting to have been from him in his individual, and not his representative character; and, as a consequence, is irrelevant.

Before we had carefully examined the record, we had supposed that the difficulty made, grew out of a want of precision on the part of the commissioner, who had written down these answers—that he had produced the confusion, by writing "plaintiff" in some places, for "plaintiff's intestate". But, a close inspection of the depositions, makes it necessary to conclude that the witnesses refer to a renting of the premises from Edmondson, individually, and before he had become the administrator of White. The objection to this testimony was, therefore, well taken, and the judgment is reversed.